UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
DVORA WEINSTEIN,

                   Plaintiff,

    -against-

CARDIS ENTERPRISES INTERNATIONAL N.V., AARON
DAVID FISCHMAN, STEVE BROWN, AVI TOKAYER,
LAWRENCE KATZ, CHOSHEN ISRAEL GROUP, LLC, and
CARDIS ENTERPRISES INTERNATIONAL (U.S.A.),

                   Defendants.
-------------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
16-CV-2661 (SJF)(SIL)

**LOCKE, Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Sandra J.
Feuerstein for Report and Recommendation, is Plaintiff Dvora Weinstein's
("Weinstein" or "Plaintiff") motion for default judgment against Defendant Cardis
Enterprises International N.V. ("Cardis NV" or "Defendant") and Defendant's cross-
motion to set aside the default.  *See* Motion for Default Judgment ("Motion for Default
Judgment"), Docket Entry ("DE") [18]; Cross Motion to Set Aside Entry of Default
Against  Cardis Enterprises International N.V. ("Cross Motion to Set Aside Default"),
DE [43].  Plaintiff filed a Complaint in this action on May 25, 2016, *see* Complaint
("Compl."), DE [1], and subsequently amended the complaint one day later, *see*
Amended Complaint ("Am. Compl."), DE [4], alleging violations of:  (1) section 10(b)
of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated
thereunder; (2) Section 20(a) of the Exchange Act;  (3) common law fraud; (4) fraud
in the inducement; (5) equitable fraud; (6) conversion; (7) accounting; (8) unjust

enrichment; and (9) breach of fiduciary duty. *See generally* Am. Compl.  Defendant Cardis NV failed to answer or otherwise appear, and on August 2, 2016, the Clerk of the Court entered a default against it. *See* Certificate of Default ("Cert. of Default"), DE [17].  Plaintiff moved for a default judgment against Cardis NV and, two months later, Defendant cross-moved to set aside entry of default. *See* Motion for Default Judgment; Cross Motion to Set Aside Default.   Meanwhile, the remaining Defendants, excluding Tokayer who has yet to appear, moved to dismiss the Amended Complaint, and their motions are currently pending. *See* DE [46, 51].

For the reasons set forth herein, the Court respectfully recommends that Cardis NV's Cross Motion to Set Aside the Default be granted and Plaintiff's Motion for Default Judgment be denied as moot.

## I.     BACKGROUND

### A.     Relevant Facts[1]

#### 1.     The Parties

Plaintiff Dvora Weinstein is a resident of New York and a shareholder of Cardis NV, a foreign limited liability corporation organized under the laws of Curacao with a place of business in Amsterdam, Netherlands. *See* Am. Compl. ¶¶ 30-32.  The company was incorporated in 1998 "to provide a unique solution for processing low-value credit card payments with advertised 'game changing' cost efficiency . . . [t]hrough apparent patented aggregation technology . . . ." *Id.* at ¶¶ 43, 46.  Plaintiff

---

[1] The facts are taken from the Amended Complaint and the affidavits and declarations submitted in connection with the Motion for Default Judgment and Cross Motion to Set Aside Default, and are assumed true solely for the purposes of this motion.

asserts that Cardis NV operates in the United States under Cardis Enterprises International (U.S.A.), Inc. ("Cardis USA"), another Defendant in this action, and that "there is absolutely no distinction" between Cardis NV and Cardis USA. *Id.* at ¶¶ 7, 33.

Individual Defendant Aaron David Fischman ("Fischman"), who also resides in New York, is the Chief Executive Officer of Cardis USA and managing partner of Choshen Israel Group, LLC ("Choshen"), which Plaintiff alleges is used to raise money for Cardis NV. *Id.* at ¶ 35. Weinstein further claims that Fischman is the "co-founder and Supervisory Board Director" of Cardis NV, although the parties contest his role in the company. *See id.*; Declaration of Greg Elias on Behalf of Cardis Enterprises International N.V. ("Elias Decl."), DE [43-8], ¶ 12 ("Aaron Fischman is not an officer, director, or managing, general, or authorized agent of Cardis NV"). Avi Tokayer ("Tokayer"), who resides in Israel, is also co-founder of Cardis NV and serves on the Supervisory Board. Am. Compl. ¶ 36. The two other individual Defendants are Steve Brown ("Brown"), the Senior Vice President – Finance of Cardis USA, and Lawrence Katz ("Katz"), in-house counsel for both Cardis USA and Choshen. *Id.* at ¶¶ 37-38. Both Brown and Katz reside in New York. *Id.* at ¶¶ 37-38. The corporate and individual defendants are collectively referred to as "Defendants."

## 2. The Alleged Fraudulent Scheme

In May 2011, an individual investor of Cardis NV approached Weinstein regarding an opportunity to invest in the company. *Id.* at ¶ 56. Plaintiff subsequently met with Fischman at Cardis USA and Choshen's office in Cedarhurst, New York,

where he provided Weinstein with an overview of Cardis NV and offered her a valuation of 50 cents per share.  *Id*. at ¶¶ 57-59.  After the meeting, Fischman sent documents to Plaintiff for her review, including a thirteen-page document with an overview of Cardis NV's patents, a Letter of Intent and unexecuted agreement between Cardis NV and Raiffeisen Bank International AG ("RBI"), a leading bank in Central and Eastern Europe, and a Memorandum of Understanding between Cardis NV and Visa Europe.  *Id*. at ¶¶ 62, 64, 66, 68.  Such communications and documentation convinced Weinstein to invest, and she mailed a check totaling $300,000.00 to Choshen as consideration for Cardis common stock.  *Id*. at ¶¶ 71-72.

Subsequently, the individual Defendants approached Plaintiff for a bridge loan of $75,000.00.  *Id*. at ¶¶ 87, 91.  In connection with this request, Brown explained that the company hired Goldman Sachs and that it would be "funded within the next 45-90 days."  *Id*. at ¶ 88.  Weinstein was further informed of an imminent agreement with a Canadian company that would "bring about additional funds."  *Id*. at ¶ 93. However, due to a lack of capital, Plaintiff did not provide the loan.  *Id*. at ¶ 96.

After her initial investment, Weinstein received phone calls and emails from Defendants that "continued to bolster the company [*sic*] claims . . . ."  *Id*. at ¶ 78.  In September 2011, Fischman spoke to Plaintiff regarding a meeting in London that would bring a "tremendous advancement" for Cardis NV.  *Id*. at ¶ 80.  She also was sent documents regarding a potential agreement with the largest bank in Russia.  *Id*. at ¶¶ 82-84.  Weinstein claims that from 2011 through 2015, Cardis NV made

numerous public statements, through press releases and other communications, regarding advancements and deal-makings of the company. *Id.* at ¶¶ 97-112.

On February 19, 2016, Weinstein met with Fischman at Choshen and Cardis USA's office and inquired as to all Defendant's future prospects. *Id.* at ¶¶ 115-16. She was told that Cardis NV "was in effect dead in the water," and that it "did not actually have a platform in which to apply the apparent proprietary technology." *Id.* at ¶¶ 117, 120. Shocked, Plaintiff inquired as to the money invested, and was told that it went to "salary and research for the company." *Id.* at ¶¶ 118-19. Fischman instead asked her to invest in a "spin-off company of Cardis," which sought to "target radio stations and mobile application users of music aimed at the African American community." *Id.* at ¶ 121. At the meeting, Weinstein also requested a copy of the patents that formed the basis of Cardis NV's representations, and, upon review, discovered that "Cardis does not have proprietary rights over its claimed technology . . . ." *Id.* at ¶¶ 125, 129.

Weinstein now alleges that the communications by Defendants were riddled with misrepresentations. Regarding the conversations and documents sent pre-investment, she believes that the patents represented to her are actually "useless," there was no partnership with RBI, and the memorandum of understanding with Visa Europe resulted in "nothing." *Id.* at ¶¶ 63, 67, 69. Moreover, Plaintiff asserts that the subsequent communications, including the press releases, were part of a scheme to "bolster the appearance of a healthy and functioning company" where Defendants actually sought to use "Cardis as a personal bank." *Id.* at ¶ 86. For

example, she claims that no "advancement" occurred from any meeting in London, there was no deal with the largest bank in Russia or a Canadian company, and Goldman Sachs was never retained. *Id.* at ¶¶ 81, 86, 89, 94. Further, despite paying 50 cents per share and being assured that only 280 million shares remained outstanding, Weinstein's shares were re-priced at 38 cents per share and now approximately 1 billion shares have been issued. *Id.* at ¶¶ 73, 75-76. Believing that Defendants directly mislead her and other investors, particularly those in the Orthodox Jewish Community "due to the known nature of the community to trust its own members and . . . hesistancy [*sic*] for members of the community to bring legal action against one another," she commenced this litigation. *See id.* at ¶ 55.

### B. <u>Procedural History</u>

Plaintiff commenced this action in May 2016 alleging that Defendants engaged in a "fraudulent securities sale scheme." *Id.* at ¶ 2. In early July 2016, the summons and complaint were served upon Cardis NV, Cardis USA, and Choshen by personal delivery to Fischman at his address in Woodmere, New York, and upon individual Defendants Fischman, Brown, and Katz by personal delivery. *See* DE [7, 8, 9, 10, 11, 12]. An affidavit of service was later filed indicating that Defendant Tokayer was served in Israel, although he has yet to appear. *See* DE [35]. On July 27, 2016, Defendants Cardis USA, Choshen, Fischman, Katz, and Brown moved for an extension of time to answer or otherwise respond, which was granted and extended to September 7, 2016. *See* DE [15]; Electronic Order dated 8/1/2016. Cardis NV did not join in the motion for an extension of time to answer, and at that point had not

yet appeared.  The other Defendants, excluding Tokayer, have since appeared and moved to dismiss the Amended Complaint.  *See* DE [46, 51].

When Cardis NV's time to answer the Amended Complaint expired, Plaintiff requested a Certificate of Default, which was issued by the Clerk of the Court on August 2, 2016.  *See* DE [16]; Cert. of Default.  Weinstein moved for default judgment one day later.  *See* Motion for Default Judgment.  In her motion, Plaintiff asserts that Cardis NV was properly served via service upon Fischman, its "CEO/Director/Co-Founder."  *See* Affirmation in Support of Motion for Default Judgment ("Weinstein Aff."), DE [18-1], ¶¶ 10-11.  As support, she attaches two affidavits of confession of judgment ("State Court Affidavits") by Fischman, which were submitted in connection with a state court action and notarized on May 4, 2015.  *See id.* at Ex. C (Affidavit of Confession of Judgment).  In both State Court Affidavits, Fischman affirms that he is the Chief Executive Officer and Director of Cardis NV, and the titles are listed in his signature block.  *See id.*  Weinstein also claims that Defendant had notice of this action as Plaintiff's counsel contacted Cardis NV's counsel, Sichenzia Ross Friedman Ference LLP, prior to the expiration of the time to respond.  *See* Weinstein Aff. ¶¶ 13-14.

Over two months later, Defendant cross-moved to set aside the default, arguing that Cardis NV was not properly served as Fischman is not authorized to accept service on its behalf.  *See* Defendant Cardis Enterprises International, N.V.'s Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment and In Support of Defendant's Cross-Motion to Set Aside Entry of Default ("Def.'s Mem.

Law"), DE [43-1], 7-8.  Regarding Plaintiff's contention that "Fischman holds himself out to be the CEO and Director" of Cardis NV in light of the State Court Affidavits, *see* Weinstein Aff. ¶ 12, Defendant argues that such affidavits were "inadvertent[] and [a] mistake[]."  Def.'s Mem. Law at 7.  Indeed, Cardis NV submits an undated declaration by Fischman where he claims that he is "not an officer, director or authorized agent for service of process" of Cardis N.V, that the State Court Affidavits were drafted in error and "presented to me by plaintiff's counsel in that matter," and that he is "taking affirmative actions to correct the record in that action."  *See* Declaration of Aaron David Fischman In Support of Defendant Cardis Enterprises International, N.V.'s Opposition to Plaintiff's Motion for Default Judgment ("Fischman Decl."), DE [43-6], ¶¶ 2, 5, 7.  Defendant also filed a declaration of Greg Elias, managing director of Cardis NV, who states that Fischman is not an officer, director, or managing, general, or authorized agent of the company.  *See* Elias Decl. ¶ 12.

The Motion for Default Judgment and Cross Motion to Set Aside the Default were referred to this Court for a Report and Recommendation on October 17, 2016. *See* Electronic Order dated 10/17/2016.

## II.     DISCUSSION

### A. <u>Whether Service Was Proper</u>

As an initial matter, the Court must "first assure itself that it has personal jurisdiction over the defendant . . . ." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  To assert personal jurisdiction, "[t]he procedural requirements of effective service of process must be satisfied . . . ." *Sibley*

*v. Jamestown Bd. of Pub. Utilities*, No. 11-CV-01043, 2012 WL 2886505, at *2 (W.D.N.Y. July 13, 2012); *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868, 2013 WL 504383, at *4 (E.D.N.Y. Feb. 8, 2013) ("Service of process is a required element of personal jurisdiction."). Indeed, Courts have found that "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006); *see also United States v. Cally*, 197 F.R.D. 27, 28 (E.D.N.Y. 2000) ("However, if service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated."). "The burden of proving that the elements of personal jurisdiction are present falls on the plaintiff." *De Ganay v. De Ganay*, No. 11 CIV. 6490, 2012 WL 6097693, at *4 (S.D.N.Y. Dec. 6, 2012). Here, Defendant Cardis NV challenges personal jurisdiction on the grounds that service of process via personal delivery on Fischman was improper. Def.'s Mem. Law at 6-10.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 governs service of process of domestic and foreign defendants. *See* Fed. R. Civ. P. 4. Pursuant to Rule 4(h), which controls service upon corporations, a domestic or foreign corporation must be served:

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process

and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Pursuant to Rule 4(f), a foreign corporation may be served outside the United States "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention")." Fed. R. Civ. P. 4(f); *see also Loraney Sports Inc. v. Glastic Corp.*, No. 96 CIV. 2239, 1997 WL 109473, at *2 (S.D.N.Y. Mar. 10, 1997) (citing the Rule 4(f) standard). Considering Rules 4(h) and 4(f) *in tandem*, "a foreign corporate defendant [is] to be served outside of the United States in accordance with the Hague Convention, provided its country of domicile is a signatory, or within the United States by service upon an officer." *Honig v. Cardis Enterprises Int'l N.V.*, No. 14-CV-7548, 2016 WL 6304695, at *5 (E.D.N.Y. Oct. 27, 2016).

Here, the only attempt at service on Cardis NV was by personal delivery upon Fischman in Woodmere, New York. *See* DE [7] (affidavit of service for Cardis NV). As Defendant is indisputably a foreign corporation, service is only proper if completed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). At the crux of the dispute is Fischman's role in Cardis NV, as Plaintiff asserts, based on the State Court Affidavits, that he is the Chief Executive Officer and Director of the company, and

10

Defendant claims Fischman has no such role. *See* Weinstein Aff. ¶¶ 10-12 ("Fischman holds himself out to be the CEO and Director of Defendant Cardis Enterprises International, N.V."); Def.'s Mem. Law at 4 ("Fischman is not now, and was never, President, Chief Executive Officer, or authorized agent of Cardis.").

This very issue, however, was recently decided by Judge Feuerstein in *Honig v. Cardis Enterprises International N.V. et al*, 14-CV-7548, a case brought before this Court by a different plaintiff alleging fraud against Cardis NV, Cardis USA, Fischman, Tokayer, and another individual defendant. *See Honig*, 2016 WL 6304695, at *1. There, the plaintiff served Cardis NV by mailing a copy of the summons and complaint to its Curacao address and by personal delivery on Fischman in Woodmere, New York. *Id.* at *5-*6. When Defendant moved to dismiss on the grounds that service of process was improper, *see* 14-CV-7548, DE [32-2], 7-10, the plaintiff relied on one of the same State Court Affidavits submitted in this action. *See* 14-CV-7548, DE [39], 2-3. Defendant countered with identical declarations of Fischman and Elias—indeed they beared the caption of this matter and not that of *Honig*—which denied any such role in the company by Fischman. *See* 14-CV-7548, DE [40], 4. In deciding the motion to dismiss for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), Judge Feuerstein found that service via personal delivery on Fischman was proper, reasoning:

> Fischman's explanation that he unwittingly signed an affidavit of confession of judgment on behalf of Cardis N.V., which stated (both in the first paragraph and in the signature block) that he was the CEO and Director of Cardis N.V., strains credulity. At this stage of the litigation, the Court credits the Amended Complaint's allegation (at ¶ 55) that Fischman functioned as Cardis N.V.'s CEO at all relevant times,

particularly in light of the fact that Fischman himself affirmed as much in connection with a separate state court proceeding. Thus, Cardis N.V. was effectively served . . . via Fischman, under Rule 4(h)(1)(B).

*Honig*, 2016 WL 6304695, at *6 (internal citations omitted).

The facts in this action are the same:  Plaintiff alleges that Fischman is a co-founder, "Supervisory Board Director," and has held "various officer positions" in Cardis NV, *see* Am. Compl. ¶ 35, served the summons and complaint on Fischman in Woodmere, New York, *see* DE [7], and relies on the State Court Affidavits to support that Fischman is an officer of Cardis NV, *see* State Court Affidavits.  As such, for the same reasons articulated by Judge Feuerstein in her October 27, 2016 opinion in *Honig*, the Court recommends that service upon Cardis NV be found proper pursuant to Fed. R. Civ. P. 4(h)(1)(B).

## B. <u>Whether The Entry of Default Should Be Set Aside</u>

Having determined that service was proper, the Court turns to Defendant's motion to set aside the entry of default.  Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause . . . ."[2]  Fed. R. Civ. P. 55(c); *see also Grant v. City of New York*, 145 F.R.D. 325, 326 (S.D.N.Y. 1992) ("In accordance with Rule 55(c), the court may set aside an entry of default for good cause shown.") (internal quotation marks omitted).  In determining whether good cause exists to set

---

[2] The Court analyzes Defendant's cross-motion pursuant to the "good cause" standard of Rule 55(c), and not the standard for vacating a default judgment in accordance with Rule 66(b), as no default judgment has been entered at this time and both parties advocate for the "good cause" standard in their respective briefs. *See Malletier v. Barami Enterprises, Inc.*, No. 04 CIV. 1547, 2006 WL 328343, at *4 (S.D.N.Y. Feb. 14, 2006) ("Because no default judgment has been entered, the instant motion cannot be treated as one to vacate a default judgment pursuant to Fed.R.Civ.P. 60(b).").

aside an entry of default, courts consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see also Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 77 (E.D.N.Y. 2010) ("In determining whether good cause exists to set aside an entry of default, courts should consider: (1) the willfulness of the default; (2) the existence of a meritorious defense; and (3) the level of prejudice that the non-defaulting party may suffer should relief be granted.") (internal quotation marks omitted).  It is well established that "default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Therefore, in deciding a motion to vacate entry of default, "all doubts must be resolved in favor of the party seeking relief . . . ." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Cumberbatch v. Emstar Pizza, Inc.*, No. 13-CV-7170, 2014 WL 5682513, at *4 (E.D.N.Y. Nov. 4, 2014) ("[I]n light of the 'oft-stated preference for resolving disputes on the merits,' defaults are 'generally disfavored,' and doubts should be resolved in favor of the defaulting party.") (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)).  On a motion to vacate, "the defaulting party bears the burden of proof." *Time Warner Cable of New York v. Cabada*, No. 97-CV-4172, 1997 WL 797533, at *1 (E.D.N.Y. Dec. 31, 1997).

1. Whether Cardis NV Acted Willfully

A finding of willfulness is appropriate where "there is evidence of bad faith" or that a defendant's default is the result of "egregious or deliberate conduct." *Holland v. James*, No. 05 Civ. 5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008).  In

13

contrast, "[n]egligence or carelessness does not amount to willfulness." *Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002); *see also Car-Freshner Co. v. Air Freshners, Inc.*, No. 7:10-CV-1491, 2012 WL 3294948, at *4 (N.D.N.Y. Aug. 10, 2012) ("[W]illfulness within this Circuit does not include careless or negligent errors even when the negligence is gross."). Where a litigant's conduct is egregious, "the court may find a default to have been willful where the conduct . . . was not satisfactorily explained." *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Courts generally "resolve any doubt about [a defendant's] willfulness in [the defendant's] favor." *Raheim v. New York City Health & Hosps. Corp.*, No. 96 Civ. 1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007).

Here, the Court finds that Defendant's behavior was not willful, as it mistakenly believed that service upon it was improper. Indeed, Courts in this Circuit have found that an erroneous belief of improper service constitutes, at most, negligence. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 613 (S.D.N.Y. 2012) ("Courts have consistently recognized that [the mistaken belief of improper service], while potentially negligent or careless, does not rise to willfulness."); *Myrieckes v. Woods*, No. 08 CIV. 4297, 2010 WL 4903621, at *1 (S.D.N.Y. Dec. 1, 2010) (finding negligence and not willfulness where defendant improperly believed service was improper); *Westvaco Corp. v. Viva Magnetics Ltd.*, No. 00-CIV.9399, 2002 WL 1683454, at *2 (S.D.N.Y. July 24, 2002) (finding no willfulness where defendant "proffered a reasonable explanation for its delay in defending the action, specifically, that it believed that service had not been properly effected and that it was not,

14

therefore, required to respond to the Complaint."); *Argent v. Office of Pers. Mgmt. of U.S.*, No. 96 CIV. 2516, 1997 WL 278115, at *3 (S.D.N.Y. May 22, 1997) (finding that the improper belief by defense counsel that service was proper was negligent, but not willful).   Accordingly, Defendant's belief that service was proper, albeit erroneous, does not amount to willfulness.

In opposition, Plaintiff argues that Defendant's conduct was willful because it had notice of this action through its attorneys.  *See* Plaintiff Dvora Weinstein's Reply and Opposition Memorandum of Law to Defendant Cardis Enterprises International N.V.'s Opposition to Default Judgment and Cross-Motion to Set Aside Entry of Default ("Pl.'s Opp."), DE [44], 8.   In support, Weinstein attaches email correspondence dated July 6, 2016 where her attorney requests that defense counsel waive service of process for Cardis NV and other Defendants.  *See id.* at Ex. 2 ("Email Correspondence"), DE [44-2].   In response, defense counsel wrote:  "[a]s I have repeatedly told you we have not agreed to represent anyone in this suit.  We have agreed to attempt to resolve this matter on behalf of Aaron in an extra judicial environment."  *Id.*  Although such communication reveals that Fischman had notice of the action, indeed he was served with the summons and complaint the same day as the e-mail was sent, it also demonstrates that defense counsel was not yet retained by Cardis NV.  Further, even if there was notice, it does not render service proper if the notice was not given to an authorized company agent.

Moreover, Plaintiff's reliance on *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC* is unavailing.  779

F.3d 182, 184 (2d Cir. 2015) (per curiam).   There, the Court found that an individual defendant and his company's default was willful where the individual defendant "was aware of the legal action pending against him and his company based on his own admissions and the fact that the corporate defendant requested, through counsel, an extension of time to respond."   *Id.* at 186.   Weinstein likens this to the motion for extension of time to answer filed in this action on July 27, 2016.   *See* Pl.'s Opp. at 7. This motion, however, was filed by Cardis USA, Choshen, Fischman, Brown, and Katz.   *See* DE [15].   As Cardis NV did not join in the motion for extension of time to answer, Plaintiff's reliance on the *Bricklayers* decision is unpersuasive.

Based on the foregoing, the Court concludes that Cardis NV did not act willfully in failing to answer Plaintiff's Amended Complaint.

### 2.   Whether Plaintiff Will be Prejudiced

Next, the Court turns to the issue of prejudice.   It is well-established that "[d]elay alone does not establish prejudice."   *Enron Oil Corp.*, 10 F.3d at 98.   Rather, a plaintiff must demonstrate "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."   *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation omitted); *see also Ward v. Ramkalawan*, No. 11-CV-4295, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) (internal quotation marks omitted) ("Prejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion.").   Moreover, "costs incurred with respect to countering a defendant's motion to vacate do not constitute prejudice."

*Gesualdi v. Gayle Bard Landscapes, Inc.*, No. 10-CV-5762, 2011 WL 2457882, at *3 (E.D.N.Y. May 31, 2011) (Report and Recommendation), *adopted by* 2011 WL 2432936 (E.D.N.Y. June 16, 2011); *see also Pennacchio v. Powers*, 2010 WL 3767141, at *4 (E.D.N.Y. Aug. 9, 2010) ("Litigation costs, however, are insufficient evidence of prejudice in this context . . . .").

Defendant has met its burden of establishing that Plaintiff will not be prejudiced by the delay in answering the Amended Complaint.  As Defendant correctly points out, discovery has yet to take place.  *See* Defendant Cardis Enterprises International, N.V.'s Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Cross-Motion to Set Aside Entry of Default ("Def.'s Reply"), DE [45], 10.  The initial conference is not until January 25, 2017, and there are two pending motions to dismiss the Amended Complaint on the docket.  *See* Electronic Order dated 10/17/2016; DE [46, 51].  Further, although Plaintiff claims difficulty with the "coordination and production of discovery" if the default is set aside, she provides no factual basis to support this argument.  *See* Pl.'s Opp. at 11.  Accordingly, the Court finds that Plaintiff will not be prejudiced by any delay caused by granting Defendant's motion.  *See JXB 84 LLC v. Loftis*, No. CV155707, 2016 WL 4032643, at *3 (E.D.N.Y. May 17, 2016), (Report and Recommendation), *adopted by* 2016 WL 4033176 (E.D.N.Y. July 27, 2016) (finding no prejudice where discovery had not yet begun); *Schlatter v. China Precision Steel, Inc.*, 296 F.R.D. 258, 261 (S.D.N.Y. 2013) ("Here, discovery has not even begun and plaintiffs have articulated no prejudice that has occurred as a result of the delay."); *Allen v. Norman*, No. 08 CIV. 6041, 2012 WL

17

3525584, at *6 (S.D.N.Y. July 23, 2012), (Report and Recommendation), *adopted by* 2012 WL 3526521, *aff'd,* 548 F. App'x 25 (2d Cir. 2013) (finding no prejudice where "[d]iscovery is not yet under way in this action . . . ."); *Malletier v. Barami Enterprises, Inc.*, No. 04 CIV. 1547, 2006 WL 328343, at *6 (S.D.N.Y. Feb. 14, 2006) ("Given the relatively short delay involved in this case, mere speculation on these points is insufficient to show prejudice.").

The Court similarly rejects Plaintiff's contention of prejudice due to "further fear of continues [*sic*] fraud and collusion on the part of Cardis and the other defendants." *See* Pl.'s Opp. at 12. Such statement is conclusory and Plaintiff provides no explanation as to how setting aside the entry of default will further any alleged fraudulent behavior. *See Alli v. Steward-Bowden*, No. 11 CIV. 4952, 2012 WL 4450987, at *2 (S.D.N.Y. Sept. 25, 2012) (denying motion for default judgment where plaintiff made only a conclusory assertion of fraud and collusion); *Sibley v. Jamestown Bd. of Pub. Utilities*, No. 11-CV-01043, 2012 WL 2886505, at *4 (W.D.N.Y. July 13, 2012) (rejecting a finding of prejudice where "[p]laintiff offers no factual basis of any kind to support such serious allegations."). Rather, setting aside the default will allow the parties to proceed with discovery and litigate the merits of the alleged fraud underpinning Plaintiff's claims. *See Murphy v. Snyder*, No. CV 10-1513, 2013 WL 934603, at *17 (E.D.N.Y. Mar. 8, 2013), (Report and Recommendation), *adopted by* 2013 WL 1335757 (E.D.N.Y. Mar. 29, 2013) ("Indeed, allowing this action to proceed through discovery will allow for a greater development of the factual record and will

allow this case to be decided on the merits."). Accordingly, the Court recommends that the absence of prejudice weigh in favor of setting aside the default.

### 3. Whether Cardis Has Meritorious Defenses to Plaintiff's Claims

Finally, the Court concludes considering whether Cardis NV has any meritorious defenses. With respect to the existence of meritorious defenses, "the defendant 'need not conclusively establish the validity of the defense(s) asserted' but need only present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *Schlatter v. China Precision Steel, Inc.*, 296 F.R.D. 258, 261 (S.D.N.Y. 2013) (quoting *Davis*, 713 F.2d at 916); *see also Enron*, 10 F.3d at 98 ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."). However, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. Nevertheless, establishing a meritorious defense "is not a stringent burden." *U.S. Commodity Futures Trading Comm'n v. Musorofiti*, No. 05-CV-3917, 2007 WL 2089388, at *4 (E.D.N.Y. July 17, 2007).

In her Amended Complaint, Plaintiff alleges securities fraud and common law fraud claims, to wit: (1) violations of Section 10 of the Exchange Act and Rule 10b-5 promulgated thereunder; (2) violation of Section 20(a) of the Exchange Act; (3) common law fraud; (4) fraud in the inducement; and (5) equitable fraud. *See generally Am. Compl.* She further alleges common law causes of action for: (6) conversion; (7) accounting; (8) unjust enrichment; and (9) breach of fiduciary duty. Cardis NV's sole argument in support of a meritorious defense is that the Amended Complaint "fails

19

to state a claim upon which relief can be granted," directing the Court to a Motion to Dismiss ("Motion to Dismiss") filed in this action on October 19, 2016 by Defendants Cardis USA, Choshen, Fischman and Katz (the "Moving Defendants").  *See* Def.'s Reply at 8; Defendants Cardis Enterprises International (U.S.A.), Choshen Israel Group, LLC, Aaron David Fischman, and Lawrence Katz's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), DE [45-2].

The Moving Defendants first assert that Plaintiff fails to plead with particularity all necessary elements of each fraud-based cause of action.  Regarding the 10(b) claim, they argue that Plaintiff fails to allege a "strong inference" of scienter, a necessary element.  *See* Motion to Dismiss at 14.  Similarly, in connection with Weinstein's section 20(a) claim, the Moving Defendants contend that the Amended Complaint does not establish "actual control," which is required to establish liability. *See* Motion to Dismiss at 17-18.  With respect to common law fraud, fraud in the inducement, and equitable fraud claims, the moving Defendants challenge that the Amended Complaint fails to establish scienter, and does not include allegations of false representations.  Motion to Dismiss at 19-21.  If such valid alleged deficiencies may defeat Weinstein's fraud-based claims, they constitute meritorious defenses.  *See Amara v. CIGNA Corp.*, 775 F.3d 510, 526 (2d Cir. 2014) (defining equitable fraud as "obtaining an undue advantage by means of some act or omission which is unconscientious or a violation of good faith.") (citations omitted); *Perez v. Higher One Holdings, Inc.*, No. 3:14-CV-755, 2016 WL 6997160, at *10 (D. Conn. Sept. 13, 2016)

(stating scienter as an element of a 10(b) claim); *In re Wachovia Equity Sec. Litig.*, 753 F. Supp. 2d 326, 380 (S.D.N.Y. 2011) (scienter a necessary element of a fraud claim); *In re Alstom SA*, 406 F. Supp. 2d 433, 486 (S.D.N.Y. 2005) (finding that actual control is a necessary element of a 20(a) claim); *Clarke v. Max Advisors, LLC*, 235 F. Supp. 2d 130, 142 (N.D.N.Y. 2002) (material false representation is a necessary element of a fraud and fraud in the inducement claim); *see also Smith v. Campbell*, No. 11-CV-540A, 2011 WL 4498797, at *6 (W.D.N.Y. Sept. 27, 2011) ("[W]hat matters here is that [defendant], through his counsel, has raised facially plausible defenses that, if proven, would be complete defenses to the allegations against [it].").

The same is true for Plaintiff's remaining common law claims for conversion, accounting, unjust enrichment, and breach of fiduciary duty. Such defenses asserted by the Moving Defendants include that the conversion claim is duplicative of the fraud claim, *id.* at 21-22, a corporation does not owe fiduciary duties to its shareholders, *id.* at 25, and, without a fiduciary duty, Plaintiff is not entitled to an accounting. *Id.* at 24. Such defenses can similarly defeat these causes of action in the Amended Complaint. *See In re Stillwater Capital Partners Inc. Litig.*, 851 F. Supp. 2d 556, 569 (S.D.N.Y. 2012) ("Generally, a corporation does not owe fiduciary duties to its members or shareholders . . . .") (internal quotation marks omitted); *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (dismissing a request for an accounting where the relationship between the parties was "merely contractual, not fiduciary . . . ."); *JCMC Flatiron, LLC v. Princeton Holdings LLC*, 45 Misc. 3d 1204(A), 998 N.Y.S.2d 306 (N.Y. Sup. 2014) ("The

conversion claim must be dismissed as duplicative of Plaintiff's prior claims, including those for breach of contract and fraud."). Further, the Moving Defendants' argument that the unjust enrichment claim fails as Plaintiff does not plead "a sufficient link between Plaintiff's alleged losses [and] Defendant's gains," is also meritorious, as a successful unjust enrichment claim requires a showing that "defendant was enriched . . . at plaintiff's expense . . . ." *Grynberg v. ENI S.P.A.*, 503 F. App'x 42, 43 (2d Cir. 2012); *see* Motion to Dismiss at 25. Thus, Cardis NV has established meritorious defenses to these claims. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage.") (internal quotation marks omitted).

Based on the foregoing, and having also concluded that Cardis NV did not act willfully and Plaintiff will not be prejudiced, the Court recommends that Defendant's motion to set aside entry of default be granted. Indeed, such finding is consistent with the Second Circuit's view that "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *See Enron Oil Corp.*, 10 F.3d at 96; *see also Brady v. W. Overseas Corp.*, No. 04-CV-2878, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) ("Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits.") (internal quotation marks omitted).

### C. <u>Weinstein's Motion for Default Judgment</u>

Having determined that the entry of default should be set aside, the Court further recommends that Plaintiff's motion for default judgment be denied as moot. *See Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd,* 643 F. App'x 43 (2d Cir. 2016), *cert. denied,* 136 S. Ct. 2489 (2016), *reh'g denied,* 137 S. Ct. 18 (2016) (denying a motion for default judgment as moot where the Court set aside the entry of default); *Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 698 (S.D.N.Y. 1986) (denying a motion for default judgment where the Court sets aside the entry of a default under Rule 55(c)); *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y. 1982) ("As the Court's ruling on defendant's Rule 55(c) cross-motion is dispositive, plaintiffs' motion for a default judgment need not be considered.").

### III.   CONCLUSION

Based on the foregoing, the Court respectfully recommends that:  (1) Defendant Cardis NV's motion to set aside the default be **GRANTED**; and (2) Plaintiff's motion for default judgment be **DENIED.**

### IV.   OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84

F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
      December 22, 2016         /s/ Steven I. Locke
                               STEVEN I. LOCKE
                               United States Magistrate Judge