FILED
CLERK

3:07 pm, Jan 24, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DVORA WEINSTEIN,

        Plaintiff,

  -against-

CARDIS ENTERPRISES INTERNATIONAL N.V.,
AARON DAVID FISCHMAN, STEVE BROWN,
AVI TOKAYER, LAWRENCE KATZ, CHOSHEN
ISRAEL GROUP, LLC, and CARDIS ENTERPRISES
INTERNATIONAL (U.S.A.),

        Defendants.
----------------------------------------------------------------------X

**ORDER**
16-CV-2661 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Dvora Weinstein ("plaintiff") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 22, 2016 ("the Report"), recommending (1) that the cross motion of defendant Cardis Enterprises International N.V. ("Cardis NV") seeking to set aside the entry of default against it pursuant to Rule 55(c) of the Federal Rules of Civil Procedure be granted; and (2) that plaintiff's motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for a default judgment against Cardis NV be denied as moot. For the reasons stated herein, Magistrate Judge Locke's Report is modified as set forth herein and, as modified, is otherwise accepted in its entirety.

1

I. DISCUSSION

   A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting

party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections

Plaintiff alleges, *inter alia*, that Magistrate Judge Locke erred: (1) in finding (a) that plaintiff's reliance on *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 184 (2d Cir. 2015) (per curiam), is unavailing, and (b) "that defense counsel was acting by and through a valid belief of law regarding improper service, when there are a multitude of facts evincing otherwise[,]" (Pl.'s Obj., at 2); and (2) in "graciously address[ing] potential defenses, . . . [that] were not raised on behalf of Cardis [NV] itself." (*Id.*)

The Report indicates, in relevant part:

> "Moreover, Plaintiff's reliance on *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC* is unavailing. 779 F.3d 182, 184 (2d Cir. 2015) (per curiam). There, the Court found that an individual defendant and his company's default was willful where the individual defendant 'was aware of the legal action pending against him and his company based on his own admissions and the fact that the corporate defendant requested, through counsel, an extension of time to respond.' *Id.* at 186. *[Plaintiff] likens this to the motion for extension of time to answer filed in this action on July 27, 2016. See Pl.'s Opp. at 7.* This motion, however, was filed by Cardis USA, Choshen, Fischman, Brown, and Katz. *See* DE [15]. As Cardis NV did not join in the motion for extension of time to answer, Plaintiff's reliance on the *Bricklayers* decision is unpersuasive."

3

(Report at 15-16) (emphasis added).  However, contrary to Magistrate Judge Locke's finding, plaintiff did not refer to the July 27, 2016 motion for extension of time to answer in the section of her opposition asserting that Cardis NV's default was willful.  Rather, plaintiff asserted, in pertinent part:

> "While in [*Bricklayers*], the extension was for a responsive pleading, here [Cardis NV's] counsel executed a stipulation for an extension to respond to Plaintiff's Motion.  It is absolute fact that [Cardis NV] was aware of this action close in time to its filing on May 26, 2016, yet, Defendant willfully chose to do nothing."

(Pl.'s Opp. at 7).  Accordingly, the Report is modified to strike Magistrate Judge Locke's finding:

> "that Weinstein likens this to the motion for extension of time to answer filed in this action on July 27, 2016.  *See* Pl.'s Opp. at 7.  This motion, however, was filed by Cardis USA, Choshen, Fischman, Brown, and Katz, *See* DE [15].  As Cardis NV did not join in the motion for extension of time to answer, Plaintiff's reliance on the *Bricklayers* decision is unpersuasive."

Plaintiff's reliance on *Bricklayers* is nonetheless unavailing.  In *Bricklayers*, the corporate defendant requested an extension of time to file an answer approximately one (1) week after its time to answer had expired and *before* the plaintiffs requested the court to enter the defendants' default.  779 F.3d at 185.  Moreover, despite the defendants' knowledge of the action against them, they "failed to file a responsive pleading for over nine months after the receipt of the summons and complaint, nearly eight months after the[y] . . . were informed that the plaintiffs had requested an entry for default, and six months after they were served with discovery demands."  *Id.*  To the contrary, the stipulation extending Cardis NV's time to respond to plaintiff's motion for a default judgment, upon which plaintiff relies to establish Cardis NV's knowledge of this action, was executed and filed on August 8, 2016, (DE 21), six (6) days *after* the Clerk of the Court had entered Cardis NV's default on August 2, 2016, and five (5) days after

plaintiff had served her motion for a default judgment upon it. (DE 17 and 18). Moreover, Cardis NV served its cross motion to set aside the default upon plaintiff in accordance with my individual rules approximately seven (7) weeks after it executed the stipulation extending its time to respond to the motion for a default judgment. (*See* DE 21, 33, 37). Thus, *Bricklayers* is inapposite and plaintiff's reliance thereon is unavailing and unpersuasive.

Furthermore, contrary to plaintiff's contention, there are not "a multitude of facts evincing" that service upon Cardis NV was proper in this case, so as to render Cardis NV's belief that service was improper invalid. Indeed, this Court's determination in the case *Honig v. Cardis Enters. Int'l N.V.*, No. 14-cv-7548, that Fischman functioned as Cardis NV's CEO at all relevant times and, thus, that Cardis NV was effectively served with process via service upon Fischman in New York pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, was not rendered until October 27, 2016, after Cardis NV appeared in this action and moved to set aside the default against it.[1] 14-cv-7548, DE 43. The fact that Cardis NV "did answer in the *Honig* . . . matter[,]" (Pl.'s Obj. at 2), also does not demonstrate that its "belief of law regarding improper service," (*id.*), was invalid. Cardis NV responded to the complaint and amended complaint in *Honig* by filing motions to dismiss on the grounds, *inter alia*, that service of process was improper, relying on one (1) of the same state court affidavits submitted by plaintiff in this action. *See Honig*, 14-cv-7548, DE 43. It was not egregious, deliberately willful or in bad faith for Cardis NV to continue believing that service of process was insufficient upon it, and to defer

---

[1] Although in a prior order entered in *Honig* on November 12, 2015, this Court denied a previous motion by Cardis NV to dismiss the complaint for insufficient service of process, the Court found only that Cardis NV had been properly served in that case pursuant to the Hague Convention, 14-cv-7548, DE 20, which is irrelevant in this case. That prior order did not address whether service of process upon Fischman in New York constituted proper service.

appearing in this action based upon that belief, pending a decision in *Honig* on the same issue of whether Cardis NV was properly served with process via service upon Fischman in New York, rather than appearing in this action and making an identical motion in this case, thereby causing the parties to expend additional time and incur additional costs. Thus, Magistrate Judge Locke correctly found "that [Cardis NV's] behavior was not willful, as it mistakenly believed that service upon it was improper."[2] (Report at 14).

In addition, contrary to plaintiff's contention, Magistrate Judge Locke did not err in considering the defenses to the amended complaint raised by some of Cardis NV's co-defendants in their pending motions to dismiss in this case, which Cardis NV incorporated by reference in its cross motion, to find that "Cardis NV has established meritorious defenses to [plaintiff's] claims [in the amended complaint]." (Report at 22). The pending motions to dismiss do more than "mere[ly] mention . . . possible meritorious defenses," (Pl.'s Obj. at 2-3), and nothing more would have been gained by requiring Cardis NV merely to reiterate the identical arguments in its submissions on the cross motion to set aside the default, other than causing it to expend additional time and incur additional costs.

Accordingly, upon *de novo* review of the Report, the operative pleadings and all motion papers, and consideration of plaintiff's objections to the Report and Cardis NV's responses thereto, the Report is modified to strike Magistrate Judge Locke's finding:

> "that Weinstein likens this to the motion for extension of time to answer filed in

---

[2] Plaintiff's only objection with respect to Magistrate Judge Locke's finding that plaintiff will not be prejudiced by Cardis NV's delay in answering the amended complaint is that with the finding of willfulness propounded by her, "prejudice is not necessary." (Pl.'s Obj. at 2). Since the Court does not find Cardis NV's default to be willful, and Magistrate Judge Locke's findings regarding the absence of prejudice are not otherwise plainly erroneous or contrary to law, that branch of the Report is accepted in its entirety.

this action on July 27, 2016. *See* Pl.'s Opp. at 7. This motion, however, was filed by Cardis USA, Choshen, Fischman, Brown, and Katz, *See* DE [15]. As Cardis NV did not join in the motion for extension of time to answer, Plaintiff's reliance on the *Bricklayers* decision is unpersuasive."

(Report at 16). As so modified, the Report is otherwise accepted in its entirety and, for the reasons set forth herein and in the Report, Cardis NV's cross motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure is granted and plaintiff's motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is denied as moot.

II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Locke's Report is modified to the extent set forth herein; as modified, the Report is otherwise accepted in its entirety; and, for the reasons set forth herein and in the Report, Cardis NV's cross motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure is granted and plaintiff's motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is denied as moot.

SO ORDERED.

                                                                 /s/
                                            SANDRA J. FEUERSTEIN
                                            United States District Judge

Dated: January 24, 2017
       Central Islip, New York