UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
DVORA WEINSTEIN,
         Plaintiff,

-v-                                     Case No. 16-cv-2661 (SFJ)(SIL)
                                          ORDER ADOPTING
CARDIS ENTERPRISES INTERNATIONAL N.V.;    REPORT & RECOMMENDATION
CARDIS ENTERPRISES INTERNATIONAL (U.S.A.),
CHOSEN ISRAEL GROUP, LLC;
AARON DAVID FISCHMAN;
AVI TOKAYER;
STEVEN BROWN; and
LAWRENCE KATZ,
         Defendants.
-------------------------------------------------------X
FEUERSTEIN, J., Senior District Judge

I.    Introduction

On May 25, 2016, Plaintiff Dvora Weinstein ("Plaintiff") commenced this action against Defendants Cardis Enterprises International N.V. ("Cardis NV"), Cardis Enterprises International (U.S.A.) ("Cardis USA", and collectively with Cardis NV, the "Cardis Entities"), Chosen Israel Group, LLC ("Chosen", and collectively with the Cardis Entities, the "Corporate Defendants"); Aaron David Fischman ("Fischman"); Avi Tokayer ("Tokayer"); Steven Brown ("Brown"); and Lawrence Katz ("Katz") (Fischman, Tokayer, Brown, and Katz collectively as "Individual Defendants"), alleging violations of: (1) section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, as to all Defendants ("First Cause of Action"); and (2) Section 20(a) of the Exchange Act, as to the Individual Defendants ("Second Cause of Action"); as well as common law claims for (3) fraud as to all Defendants ("Third

1

Cause of Action"); (4) fraud in the inducement as to all Defendants ("Fourth Cause of Action"); (5) equitable fraud as to all Defendants ("Fifth Cause of Action"); (6) conversion as to all Defendants ("Sixth Cause of Action"); (7) accounting as to Fischman and Katz only ("Seventh Cause of Action"); (8) unjust enrichment as to all Defendants ("Eighth Cause of Action"); and (9) breach of fiduciary duty as to the Individual Defendants ("Ninth Cause of Action"). (*See generally* Pl.'s Second Amended Complaint ("SAC"), ECF No. 99.) Further, she seeks punitive damages. (*See id.* at 45-46.) On October 14, 2016, Brown filed a motion to dismiss the complaint[1] in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereafter, "Brown's Dismissal Motion" (ECF No. 46).) On October 19, 2016, Cardis USA, Choshen, Fischman, and Katz filed a joint motion to dismiss[2] pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure requesting all counts of the complaint be dismissed (hereafter, "Cardis USA Dismissal Motion" (ECF No. 51)). On April 14, 2017, Cardis NV and Tokayer filed a joint motion to dismiss[3] pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure , adopting the arguments advance in the Cardis USA Dismissal Motion and seeking the same relief (hereafter, "Cardis NV Dismissal Motion" (ECF No. 88)). The Dismissal Motions were referred to Magistrate Judge Steven I. Locke. (*See* Docket Entry dated 10/17/2016 (re: Brown Dismissal Motion); Docket Entry dated 01/23/2017 (re: Cardis USA Dismissal

---

[1] The three Dismissal Motions were directed towards Plaintiff's First Amended Complaint (*see* ECF No. 4.) However, "[f]or the sake of efficiency, the [Magistrate Judge] addresse[d] Defendants' motions to dismiss to the SAC, even though they were filed prior to the SAC being filed." (Report & Recommendation at 7 (citing *Fernando v. Fernando*, Case No. 09-cv-1390, 2010 WL 3119729, at *3 (E.D.N.Y. Aug. 5, 2010)).)

[2] *See supra* note 1.

[3] *See supra* note 1.

Motion); Docket Entry dated 04/19/2017 (re: Cardis NV Dismissal Motion).)

Now before the Court is Magistrate Judge Locke's Report and Recommendation, dated August 3, 2017, that (1) the Brown Dismissal Motion be granted and all causes of action be dismissed as to Brown; (2) the Cardis USA Dismissal Motion to Dismiss be granted as to Katz and all causes of action be dismissed as to him, but as to Cardis USA, Choshen, and Fischman, it be granted in part and denied in part recommending that the Second, Sixth, Seventh, Eighth, and Ninth Causes of Action be dismissed, but that the First, Third, Fourth, and Fifth Causes of Action remain; and (3) the Cardis NV Dismissal Motion be granted as to Tokayer and all causes of action be dismissed as against him, but granted in part and denied in part as to Cardis NV so that the Second, Sixth, Seventh, Eighth, and Ninth Causes of Action be dismissed, but the First, Third, Four, and Fifth Causes of Action remain. (*See* Report and Recommendation ("Report") at 31-32 (ECF No. 105).) Plaintiff filed a letter objecting to the Report. (*See* ECF No. 106; hereafter, the "Objection".) The Defendants filed a joint response to Plaintiff's Objection. (*See* ECF No. 110; hereafter, "Response".) After considering the Plaintiff's Objection and the Defendant's Response, and for the reasons that follow, the Court adopts the Report, as modified, in its entirety.

II.     Report and Recommendation Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* FED. R. CIV. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

III. Discussion

Plaintiff raised five objections to the Report: (1) the Magistrate Judge's application of the Defendants' Dismissal Motions to the SAC; (2) the incorrect citations to the SAC in the Report's "Relevant Facts" section; (3) the Magistrate Judge's lack of consideration of Defendants' Answer to the SAC; (4) the recommendations that all causes of action as to Brown, Katz, and Toklayer be dismissed; and (5) the recommendation that the Second and Ninth Causes of Action be dismissed as to Fischman. (*See* Objection at 2.) While Defendants have responded to Plaintiff's Objection, they have not raised any objections of their own. (*See* Response.)

*A. Application of the Defendants' Dismissal Motions to the SAC*

Citing efficiency as consideration, the Magistrate Judge considered the Dismissal Motions addressed to Plaintiff's First Amended Complaint ("FAC") (*see* ECF No. 4) as applying

4

to Plaintiff's SAC. (*See* Report at 7.) Notwithstanding her concession that the Court has discretion to do so, the Plaintiff, nonetheless objects to that application, arguing "the Court is in fact doing the Defendants [sic] work for them, which is inequitable to the Plaintiff." (Objection at 2.) This Court is unpersuaded.

To begin, Plaintiff agrees that the Magistrate Judge has the discretion to proceed as he did and does not assert that such discretion was abused; neither does this Court so find. Indeed, pursuant to the Federal Rules of Civil Procedure, the court and parties are to proceed in a manner securing the just, speedy, and inexpensive determination of an action. *See* FED. R. CIV. P. 1. Moreover, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016). That is precisely what the Magistrate Judge has done by considering the Dismissal Motions as to the SAC. There is no inequity to Plaintiff, and therefore, this objection is overruled.

### B. The Incorrect Citations to the SAC

While not an objection in the true sense, Plaintiff asserts that many of the citations in the Report's "Fact Section" are "misstated, if not outright mistaken" and appear to be citations to the FAC. (Objection at 2; *see* Report at 3-6, "Relevant Facts".) She is concerned that "either (a) the SAC was not read in its entirety and/or (b) the FAC appears to have held primacy for the [Report]." (*Id.* at 3.) This Court finds the Magistrate Judge's recommendations are supported by the SAC, notwithstanding incorrect citations. However, for purposes of clarity and to ensure an accurate record, an *errata* sheet is included at the end of this Order citing all the citations in the Report's "Relevant Facts" section.

### C. Lack of Consideration of Defendants' Answer to the SAC

> In determining a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated therein; to *matters of which judicial notice may be taken*; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint.

*Allstate Ins. Co. v. Bogoraz*, 818 F. Supp.2d 544, 548 (E.D.N.Y. 2011)(citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); emphasis added). Thus, a court may, but is not required to consider a party's answer to a complaint. Magistrate Judge Locke noted his assumption of the truth of Plaintiff's alleged facts (*See* Report at 3, note 2 ("The facts are taken from the Second Amended Complaint and are assumed true solely for the purposes of the pending motions."); *see also* Report at 7 ("In considering a motion to dismiss pursuant to Rule 12(b)(6), district courts 'accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor.'" (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)(internal quotations omitted)).)

Assuming, *arguendo*, the Magistrate Judge considered Defendants' affirmative answers identified by the Plaintiff, *to wit*, (1) Defendants' admission that "Cardis was co-founded and is run by Fischman and Tokayer" (SAC at ¶ 43); (2) that "[t]o date, Cardis has not reached an IPO and has been unable to reach its stated goal of wide adoption of its technology" (*id.* at ¶ 51); and (3) that Brown is "VP/Finance for Cardis BV" and "the Financial Executive of Cardis" (*id.* at ¶¶ 188-89), such consideration would be of no consequence.

6

### 1. Tokayer as co-founder

Following the issuance of the Report, the parties stipulated that Defendants could file a First Amended Answer to the SAC. (*See* ECF No. 107 (Stipulation); ECF No. 108 (Defs.' First Amended Answer).) In their First Amended Answer, Defendants deny Plaintiff's allegation that Cardis "is run by Fischman and Tokayer." (Defs.' First Amended Answer at ¶ 43.) Plaintiff's allegation that as a co-runner, Tokayer "is presumed to have been intimately involved in the dissemination and/or creation of Cardis advertising and placement material" (Objection at 5, Part IV, "Tokayer"), without more, is insufficient to support Plaintiff's reliance on the group pleading doctrine in pleading her fraud causes of action against Tokayer. (*See id.*) The allegation that Tokayer is presumed to run Cardis with Fischman, without more, does not "strongly evince[] a 'direct involvement in the everyday business of the company,'" (*id.* (citing Report at 11)), especially in 2011, when Plaintiff invested in Cardis. *See In re Citigroup, Inc. Secs. Litig.*, 330 F. Supp.2d 367, 381 (S.D.N.Y. 2004) (plaintiff "must allege facts sufficient to show that the defendants had knowledge that the statements were false at the time they were made")(further citation omitted). Indeed, the SAC lacks factual allegations supporting her fraud claims against Tokayer.

### 2. Cardis has not reached an IPO

Defendants' admission that "[t]o date, Cardis has not reached an IPO and has been unable to reach its stated goals of wide adoption of its technology" (SAC at ¶ 51; *see also* Defs.' First Amended Answer at ¶ 51), does not, without more, even suggest fraudulent dealings, and therefore does not support Plaintiff's allegations.

7

3. Brown as "VP/Finance for Cardis BV" and "Finance Executive for Cardis"

Plaintiff also makes much of the Defendants' admissions that "Brown *is* the VP/Finance for Cardis BV" (Defs.' First Amended Answer at ¶ 188 (emphasis added), and "Brown *is a* Finance Executive of Cardis." (*Id.* at ¶ 189 (emphasis added).) Significantly, Defendants' admissions of Brown's current roles in an affiliate and in Cardis do not support Plaintiff's causes of action against Brown since the relevant time period was in 2011, when Plaintiff made her investments. *See Citigroup, Inc. Secs. Litig.*, 330 F. Supp.2d at 381. These admissions do not support that temporal relevance. Moreover, Brown's being "a" financial executive at Cardis does not sufficiently infer direct involvement in the everyday business of Cardis to support Plaintiff's reliance on the group pleading doctrine in bringing security fraud claims against Brown. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp.2d 624, 647 n.13 (S.D.N.Y. 2012)(noting group pleading doctrine allows a plaintiff to rely on a presumption that group-published information is the collective work of individuals with direct involvement in the everyday business of the company)(further citation omitted).

D. *The Recommendations that All Causes of Action as to Brown, Katz, and Tokayer be Dismissed*

As an initial matter, from the context of her arguments that Brown, Katz, and Tokayer should not be dismissed from this action, it is apparent that Plaintiff's objections to the Report address only the First Cause of Action, *i.e.*, violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. (*See* Objection at 5.) Having raised no other objections to the Report as to these Individual Defendants, Plaintiff is deemed to have waived objections to the Magistrate Judge's further recommendations regarding Brown, Katz, and Tokayer as to Second through Ninth Causes of Action. *See Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920,

at *1 (S.D.N.Y. Aug. 25, 2011) ("The court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record.") (further citation omitted).

1. Brown

Plaintiff implicitly acknowledges that since Brown did not join Cardis until after her June 2011 investment, it is only her subsequent September 2011 one hundred fifty thousand dollar ($150,000.00) investment that is at issue. (*See* Objection at 5, Part IV, "Brown".) She asserts her reliance on a July 2011 "Cardis Business Update" (hereafter, the "Update") (reprinted in the SAC after ¶89) for inducing her further investment. (*See id.*; *see also* SAC at ¶ 90.) The Update, a two-and-one-half page document, begins with a section entitled "Business Development", stating: "Market conditions for the introduction of Cardis' Low Value Payment (LVP) solution continue to improve resulting in increased interest and traction in all regions." (SAC at 15 (following ¶ 89).) That section contained eight subsections: "Austria"; "International Payment Scheme"; "Italy"; "Russia"; "Canada – Mobile"; "Poland"; "Australia"; and "Belgium/France". (*See id.* at 15-16.) Under each subheading, Cardis alleged, *inter alia*, having discussions with unidentified banks and/or groups interest in Cardis's "product". (*See id.*) The Update concluded with a subsection entitled "Management Team", stating; "The Company is expanding its senior management team with two senior executives who will be instrumental in successfully taking the company to the next stage of market implementation and commercial deployments." (*Id.* at 16.) After first identifying another individual, the Update concludes by identifying Brown: "Steve Brown *joins* Cardis full time as VP Finance." (*Id.* at 17 (emphasis added.) A summary of Brown's then-recent past work history followed, concluding with some of his civic

involvements. Drawing every inference in Plaintiff's favor, it defies credulity that the inclusion of a generic announcement of Brown's joining Cardis, with its summary of his work history and community involvements, induced Plaintiff to invest an additional one hundred fifty thousand dollar ($150,000.00) into Cardis. Moreover, having recently joined the company, with no specific start date identified, this Court declines to infer that "Brown was already working for Cardis" (Objection at 5), that it "would have been Brown's responsibility to review/issue" the Update (*id.*), or that "Brown was directly involved in the issuance of document [*sic*] containing false and/or material misleading representations or omissions that resulted in the additional loss of Plaintiff's $150,000.00 in September 2011." (*Id.*)

2. Katz

Plaintiff's conclusory contention that Katz was "clearly involved in day-to-day operations" of Cardis based on her allegation that "Fischman and Katz offered [her] a valuation of 50 cents per-share" (SAC at ¶67) does not pass muster. Moreover, the allegation that "Katz is the money man" (*id.* at ¶ 193), accepting Plaintiff's investment payments (*see id.* at ¶ 87) does not infer fraudulent misrepresentations on his part. Nor does Katz' role as a landlord to Cardis and Choshen, without more, infer Katz engaged in the alleged fraud. (*See id.* at 193 ("Choshen and Cardis operated out of Katz's suite in Cedarhurst, NY"). Given Plaintiff's lack of specificity in pleadings as to Katz, she has not stated a plausible First Cause of Action against Katz.

3. Toyaker

As discussed more fully regarding Tokayer, *see supra*, the allegations do not support a finding that when Plaintiff made her two investments in Cardis, Tokayer was directly involved in the everyday business of the company. Therefore, she does not plausibly state her First Cause of

Action against Toyaker.

> *E. The Recommendation that the Second and Ninth Causes of Action be Dismissed as to Fischman*

> 1. Fischman and the Second Cause of Action

Plaintiff asserts she should be able to bring an alternate cause of action against Fischman for security fraud, pursuant to Section 20(a) of the Securities Exchange Act, for "control person liability". (*See* Objection at 6, Part V.) Assuming a sufficiently plead alternative theory cause of action, one may do so. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). To plead control person liability under § 20(a), one must allege: (1) a primary violation by a controlled person; (2) control of the primary violator by the defendant; and (3) the controlling person's culpability in the primary violation. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998).

Plaintiff relies upon her claim that Fischman's secretary, Seth Rosenblatt, whose "actions, as directed by Fischman, result[ed in] the dissemination of materially misrepresentative items which caused Plaintiff's reliance and of which he should have known were fraudulent." (Objection at 6 (citing SAC at ¶¶70, 88.).) Specifically, Plaintiff alleges "To further induce Plaintiff's investment, Fischman, *via his secretary* from Chosen, Seth Rosenblatt, sent multiple documents to Plaintiff for review," and "after Plaintiff had given Cardis $150,000.00, Fischman *has Seth Rosenblatt send over* additional information in an attempt to solicited [*sic*] more funds from Plaintiff." (SAC at ¶¶70, 88.) Plaintiff reproduced e-mails she received from Rosenblatt confirming that Rosenblatt sent her several documents. (*See* SAC at 11 (following ¶70), at 14 (following ¶88).) Notably missing, however, are any factual allegations that would plausibly support a claim that Rosenblatt was a primary violator as opposed to a secretary performing

11

customary ministerial tasks at the direction of his boss. *See generally Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 191 (1994) (§ 10(b) of the Securities Exchange Act is commonly referred to as "primary liability"). There is nothing in the SAC alleging Rosenblatt was either involved with the preparation of the various documents or knew that what he was sending were documents containing misrepresented material facts about Cardis' technology and business prospects. In the absence of such allegations, reliance upon the actions of Rosenblatt are fatal to Plaintiff's Second Cause of Action against Fischman.

2. Fischman and the Ninth Cause of Action

In support of her objection to the Magistrate Judge's recommendation that Plaintiff's breach of fiduciary duty claim be dismissed as to Fischman she cites *EBC I, Inc. v. Goldman, Sachs & Company* for the proposition that "[a] fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.' Such a relationship, necessarily fact-specific, is *grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions*." 5 N.Y.3d 11, 19 (N.Y. 2005)(quoting RESTATEMENT (SECOND) OF TORTS § 874 cmt a (AM. LAW INST. 1979); citing *Northeast Gen. Corp. v. Wellington Adv.*, 82 N.Y.S.2d 158, 162 (N.Y. 1993); emphasis added). However, *EBC I* supports the Magistrate Judge's recommendation since, here, there are no allegations in the SAC that the relationship between Plaintiff and Fischman was anything other than one normally present in the marketplace between parties involved in arm's length business transactions. Contrary to Plaintiff's assertion that Fischmann "created a direct fiduciary relationship" (Objection at 6), none is evinced by Plaintiff's allegations.

\* \* \*

In sum, the Court (1) overrules Plaintiff's objection regarding the Magistrate Judge's application of the Defendants' Dismissal Motions to the SAC; (2) sustains Plaintiff's objection regarding the citations in "Relevant Facts" section of the Report to the extent that the citations are corrected in accordance with the Errata Sheet, *infra,* but overrules it to the extent the "Relevant Facts" are accepts as modified; (3) overrules Plaintiff's objection regarding the Magistrate Judge's purported lack of consideration of Defendants' Answer to the SAC; (4) overrules Plaintiff's objection regarding the recommendation that the First Cause of Action as to Brown, Katz, and Toklayer be dismissed; and (5) overrules Plaintiff's objection regarding the recommendation that the Second and Ninth Causes of Action be dismissed as to Fischman. Having overruled Plaintiff's objections on these issues, the Court adopts the Magistrate Judge's recommendations, as modified, in their entirety as pertaining to them. Further, finding no clear error in the balance of Magistrate Locke's Report to which there were no objections, the balance of his recommendations are adopted in their entirety.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED:

A. The Magistrate Judge's Report is adopted, as modified, in its entirety;

B. The Brown Dismissal Motion is granted and all causes of actions are dismissed as to Brown;

C. The Cardis USA Dismissal Motion is

    1. granted as to Katz and all Causes of Action are dismissed as to him; but

    2. granted in part and denied in part as to Cardis USA, Chosehen, and Fischman,

13

with

    (a) the Second, Sixth, Seventh, Eighth, and Ninth Causes of Action being dismissed as to them; but

    (b) the First, Third, Fourth, and Fifth Causes of Action remaining as to them; and

D. The Cardis NV Dismissal Motion is

  1. granted as to Tokayer and all Causes of Action are dismissed as to him; but

  2. granted in part and denied in part as to Cardis NV with

    (a) the Second, Sixth, Seventh Eighth, and Ninth Causes of Action being dismissed as to it; but

    (b) the First, Third, Fourth, and Fifth Causes of Action remaining as to it.

Dated this 30th day of September 2017 at Central Islip, New York.

*(signature)*
Sandra J. Feuerstein
United States District Judge

*Errata* Sheet Regarding Report's "Relevant Facts" Section

| Page in Report | Citations in Report to SAC (in order of appearance) | Corrected Citations to SAC (other corrections) |
|---|---|---|
| 3 ("1. *The Parties*") | ¶¶ 29-30 | ¶ 31 (1st ¶, 1st sent.: delete "with a place of business in Amsterdam, Netherlands") |
| 3 | ¶¶ 43, 46 | ¶ 46 (1st ¶, 2nd sent.: delete "incorporated in 1998") |
| 3 | ¶¶ 33, 45 | ¶¶ 7, 32-33, 45 |
| 3 | ¶ 35 | none |
| 3 | ¶ 35 | none |
| 4 | ¶ 36 | none |
| 4 | ¶¶ 37-38 | none |
| 4 | ¶¶ 37-38 | none |
| 4 (*2. The Alleged Fraudulent Scheme*") | ¶ 56 | ¶ 63 |
| 4 | ¶¶ 57-59 | ¶¶ 64, 67, 94; *see also* ¶ 194 |
| 4 | ¶¶ 62, 64, 66, 68 | ¶¶ 70, 75, 79, 81, 84 |
| 4 | ¶¶ 71-72 | ¶¶ 87-90, 93 (2nd ¶, last sentence: delete "mailed a check for"; replace with "delivered two checks aggregating.") |
| 4 | ¶¶ 87, 91 | ¶¶ 107, 112 |
| 5 | ¶ 88 | ¶ 109 |
| 5 | ¶ 93 | ¶ 116 |
| 5 | ¶ 96 | ¶ 119 |
| 5 | ¶ 78 | ¶ 98 |
| 5 | ¶ 80 | ¶ 100 |
| 5 | ¶¶ 97-112 | ¶¶ 122-136 |
| 5 | ¶¶ 115-116 | ¶¶ 137-139 |
| 5 | ¶¶ 117, 120 | ¶¶ 140, 143 |
| 5 | ¶¶ 118-119 | ¶¶ 141-142 |
| 5 | ¶ 121 | ¶ 144 |
| 5 | ¶¶ 125, 129 | ¶¶ 148, 151-152 |
| 6 | ¶¶ 63, 67, 69 | ¶¶ 77, 79-85 |
| 6 | ¶ 86 | ¶ 106 |
| 6 | ¶¶ 81, 86, 89, 94 | ¶¶ 100, 102-106, 110 |
| 6 | ¶¶ 73, 75-76 | ¶¶ 52, 94, 96 |
| 6 | ¶ 55 | ¶ 64 |

15